IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL JEFFERY ATKIN, ) | |
| Petitioner, ) | Civil Action No. 14-163 Erie |
| ) | |
| v. ) | District Judge Cathy Bissoon |
| ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX, et al., ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied because Petitioner's claims were filed outside the one-year statute of limitations. A certificate of appealability should be denied as well.

**II.   REPORT**

**A.   Relevant Background**[1]

Petitioner, state prisoner Joel Jeffery Atkin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on March 4, 2010, for his convictions of third degree murder, aggravated assault, and recklessly endangering another person.[2]

---

[1]   Respondents have submitted a hardcopy of the state court record ("SCR"). The documents in the SCR are indexed and numbered 1 through 52. They shall be cited as "SCR No. __ ."

[2]   The trial court sentenced Petitioner to a term of 12-24 years' imprisonment on the third degree murder count, to be followed by a term of 5-10 years' imprisonment on the aggravated assault count. The sentence for recklessly endangering another person merged with the term imposed on the aggravated assault count. (SCR No. 25).

1

Jon Pushinsky, Esquire, represented Petitioner at his trial. Nicole Denise Sloane, Esquire, represented him in his direct appeal. On March 31, 2011, the Superior Court of Pennsylvania affirmed his judgment of sentence. (SCR No. 41, Commonwealth v. Atkin, No. 683 WDA 2010, slip op. (Pa.Super.Ct. Mar. 31, 2011)). Petitioner did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on May 2, 2011, which is the date upon which the time for him to file a PAA expired. Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). See also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On November 28, 2011, Petitioner filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (SCR No. 42). The PCRA court appointed William J. Hathaway, Esquire, to represent Petitioner and he filed a supplement to the PCRA petition. (SCR No. 44). Following an evidentiary hearing on April 5, 2012, the PCRA court issued an Opinion and Order in which it denied relief. (SCR No. 45). Petitioner, through Hathaway, filed an appeal with the Superior Court. On March 25, 2013, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision to deny relief. (SCR No. 50).

Petitioner, through Hathaway, filed a PAA with the Supreme Court of Pennsylvania, which was denied on September 4, 2013. (SCR Nos. 51, 52). On May 9, 2014, Petitioner filed a document with this Court at Docket Number 1:14-cv-137 entitled entitled "Motion to Grant Extension of Time to File Habeas Corpus Petition and to Grant Equitable Tolling." In that document, Petitioner explained that he wanted to challenge his March 4, 2010, judgment of sentence and he requested "an extension of time" to file a petition for a writ of habeas corpus. (ECF No. 1 in Commonwealth v. Atkin, No. 1:14-cv-137). On May 23, 2014, the Court issued an order in which it was explained to Atkin that before it could consider

issues related to the timeliness of a petition for a writ of habeas corpus, Atkins had to properly commence a habeas action by filing a petition and submitting the $5.00 filing fee or a motion for leave to proceed in forma pauperis. (ECF No. 2 in <u>Commonwealth v. Atkin</u>, No. 1:14-cv-137).

On June 9, 2014, Petitioner commenced this action at this docket number by filing a petition for a writ of habeas corpus and the required $5.00 filing fee. He raises two claims of ineffective assistance of trial counsel and three claims of trial court error. In their Answer (ECF No. 9), Respondents contend that Petitioner's claims are untimely under the applicable one-year statute of limitations. In his Reply (ECF No. 13), Petitioner asserts that the Court should apply "equitable tolling" to this case and argues that if it does, his claims will be deemed to be timely filed.

**B.  Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As set forth above, Petitioner's judgment of sentence became final on or around May 2, 2011. He filed his PCRA petition 210 days later, on November 28, 2011. In accordance with § 2244(d)(2), that PCRA petition *statutorily* tolled AEDPA's limitations period beginning on November 28, 2011. Petitioner's PCRA proceeding concluded on September 4, 2013, which is the date the Pennsylvania Supreme Court denied a PAA. <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 331-36 (2007); <u>Swartz</u>, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on September 5, 2013. Since

3

210 days had expired already from the limitations period, Petitioner had 155 more days – until on or around February 7, 2014 – to file a timely federal habeas petition. He did not file his petition for a writ of habeas corpus until June 9, 2014, thereby making his petition untimely by 122 days. (The May 9, 2014 "Motion to Grant Extension of Time to File Habeas Corpus Petition and to Grant Equitable Tolling" that Petitioner filed at docket number 1:14-cv-137 was filed 91 days after the date to file a timely petition had expired.)

Petitioner acknowledges that he filed his petition outside of AEDPA's one-year statute of limitations, but contends that the limitations period should be equitably tolled. The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently,[3] and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Third Circuit has advised that:

---

[3] The United States Court of Appeals for the Third Circuit has explained:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 130 S.Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. See Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (emphasis added) (internal quotation marks and citation omitted); see also Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." (emphasis added)).

Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).

4

"[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

In support of his equitable tolling argument, Petitioner has submitted to the Court a letter from Attorney Hathaway to him dated March 18, 2014. In the letter, Attorney Hathaway wrote:

Dear Mr. Atkin:

I received a telephone call from your mother today in which she indicated that she has a letter from you to me that she wants to deliver to me and that you are inquiring about what is going on with your case. I advised her that your Petition For Allowance of Appeal with the Supreme Court of Pennsylvania had been denied on September 4, 2013 and that I am no longer your counsel given that all state court appeals have been exhausted. She responded that neither she or you had any idea that the appeal had been denied and that you were both acting on the belief that the appeal was still pending. (She noted that she has spoken with another attorney who had advised her that it could be a year and a half wait to get a ruling from the Court so apparently she was relying on that information and did not comprehend that the appeal was denied). After hanging up with her, I have reviewed your case file and I just want to outline the past history of this case and the notice that was afforded to both you and your mother.

As you will recall, the appeal to the Superior Court of PA from the denial of your PCRA Petition was denied on or about March 23, 2013. I wrote you a letter dated March 28, 2013 in which I provided the appellate decision and further explained your remaining options in terms of seeking a Petition For Allowance of Appeal before the state supreme court or proceeding to federal court with the filing of a habeas corpus petition, which I explained to you that if you elected that option you would have to proceed pro se or with privately retained counsel as my appointment was limited to the pursuit of state court appeals. I also provided copies of the Superior Court decision to your mother for her records. You thereafter responded to me and directed that you wanted me to file a Petition for Allowance of Appeal, which I then filed on your behalf on April 22, 2013 and again served a copy on both you and your mother. That Petition was denied by the Supreme Court per court order dated September 4, 2013. I have noted in my case file that I made a specific notation that I mailed a copy of that court order to you at SCI-Albion on September 9, 2013 as well as mailing a copy to your mother. I also recall receiving a telephone call from your mother subsequent to those mailings in which I recall her discussing the case status. Therefore, I am at a loss now to hear from your mother that apparently both she and you are somehow under the impression that your appeal was still

5

pending. I definitively know that I served both you and her with a copy of the Supreme Court order, which I am again enclosing herein. I have no idea how both of you are under the misimpression that the appeal is still pending. Moreover, I clearly remember discussing this with your mother after I mailed out the copies to both of you last September and further emphasizing that I was no longer involved in your case as your attorney from that point on.

    Therefore, I have no idea how both of you thought that the appeal remained pending and I write now to advise you and disavow you of any belief in terms of any remaining pending appeals in state court. Moreover, whoever advised your mother that the appeal could take 1 ½ years to hear was sadly misinforming her as the time prior that transpired from April 2013 to September 2013 is the typical time period that would elapse for an allocator petition.

    In any event I want you to understand two things at this point. Your state court appeals were finally denied as of that September 4, 2013 date and I have to conclude that you were aware of that fact and perhaps your mother is presently confused as to your understanding although that appears to be the subject matter of your letter that she has in her custody that she is delivering to me in two days. So once [a]gain there are no pending state court appeals and you have now exhausted all avenues of appeal in state court. Moreover, my appointment as to your counsel has now concluded as that appointment was limited to your PCRA proceeding and any ensuing state court appeals, which have now been fully pursued and exhausted. Your only remaining recourse as I explained to you in that previously referenced letter to you is to file a habeas corpus petition in federal court. Moreover, you do not have the right to court-appointed publicly funded counsel for that purpose, you must proceed pro se or with privately retained counsel. I will not have any involvement in that facet of your appeals, if you elect to proceed with filing in federal court. I am no longer your attorney and I just want to clarify that to you.

    I hope that this clears up any potential misunderstandings that you may be laboring under in terms of any pending state court appeals of which there are none.

Very truly yours,

/s William J. Hathaway, Esquire

(Pet's Ex. F, attached to Pet's Reply, ECF No. 13-1 at 6-7).

Petitioner contends that, notwithstanding Attorney Hathaway's statements to the contrary, the first time he learned that the Pennsylvania Supreme Court had denied his PAA was March 18, 2014 (the date Hathaway spoke to his mother and sent the above-quoted letter). He argues that, therefore, he is

entitled to equitable tolling from September 5, 2013 (the date AEDPA's state of limitations began to run again after the conclusion of his PCRA proceeding) to March 18, 2014.

The problem with Petitioner's argument is that even if the Court were to credit his assertion that Attorney Hathaway did not notify him until March 18, 2014 that his PAA had been denied, and even if the Court were to assume without deciding that Petitioner was entitled to equitable tolling from September 5, 2013 to March 18, 2014,[4] Petitioner's claims still would be untimely. That is because Petitioner has not met his burden of establishing that *after he received notification from Attorney Hathaway that his PAA had been denied* he: (1) pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from filing a federal habeas petition. Holland, 560 U.S. at 649. As set forth above, Petitioner did not file his "Motion to Grant Extension of Time to File Habeas Corpus Petition and to Grant Equitable Tolling" until May 9, 2014, which was 52 days after Attorney Hathaway sent his letter. (And Petitioner did not file his actual petition for a writ of habeas corpus until 83 days after Attorney Hathaway sent his letter). Petitioner may not have understood the ramifications of waiting so long after he received Attorney Hathaway's letter to seek federal habeas review with this Court, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing

---

[4] The Court can make this assumption because Petitioner's claims are untimely even if it is assumed that Attorney Hathaway's alleged malfeasance amounts to an "extraordinary circumstance" that prevented Petitioner from filing a timely federal habeas petition prior to the expiration of the one-year limitations period. The Court notes, however, that this is a generous assumption to make, because although "extreme neglect" on the part of a petitioner's attorney has been found to qualify as an "extraordinary circumstance" that necessitated the application of equitable tolling, see Ross, 712 F.3d at 788, 803, not all instances of attorney malfeasance qualify. Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (attorney's failure to notify petitioner of the state court's disposition of his case did not amount to an "extraordinary circumstance": "LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition…. LaCava advances no allegations of attorney malfeasance that would elevate this case to an 'extraordinary circumstance' sufficient to warrant equitable tolling."). See also Holland, 560 U.S. at 651 ("We have previously held that "a garden variety claim of excusable neglect, [Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)], such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, [Lawrence v. Florida, 549 U.S. 327, 336 (2007)], does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a 'garden variety claim' of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct.")

Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")

In conclusion, because Petitioner has not demonstrated that there is any basis to grant him equitable tolling during the 52-day period from March 18, 2014 to May 9, 2014 (when he filed his motion at docket number 1:14-cv-137), his habeas claims are untimely and they should be denied for that reason.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Dated: August 13 , 2015                United States Magistrate Judge

cc:    The Honorable Cathy Bissoon
       United States District Judge

Notice to counsel of record by ECF and by U.S. Mail to Petitioner at his address of record